# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL NO. 3:08cv260-R
## (3:04cr105)

| | |
|---|---|
| VICTOR A. RITA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed June 5, 2008 [Doc. 1]; Respondent's Answer, filed September 15, 2008 [Doc. 8]; Respondent's Motion for Summary Judgment, filed September 15, 2008 [Doc. 9]; Petitioner's "Motion to Strike the United States Answer, and Motion for Summary Judgment or Alternatively, for the Appointment of Counsel," filed September 25, 2008 [Doc. 11]; Petitioner's "Motion in Opposition to Government's Motion for Summary Judgment," filed October 24, 2008 [Doc.

12][1]; Respondent's Reply Brief in Support of Its Motion for Summary Judgment, filed October 27, 2008 [Doc. 13]; and Petitioner's "Renewed Motion for Appointment of Counsel," filed February 5, 2009 [Doc. 14].

For the reasons stated below, the Respondent's Motion for Summary Judgment will be granted and the Petitioner's Motions will be denied.

## I. FACTUAL AND PROCEDURAL HISTORY

On April 28, 2004, Petitioner was charged in a five-count Bill of Indictment with two counts of perjury, two counts of making false statements, and one count of obstruction of justice. [3:04cr105, Doc. 1]. Petitioner was tried and convicted on all five counts on November 8-9, 2004 before the Honorable William L. Osteen. [Id., Doc. 26]. On June 7, 2005, Judge Osteen sentenced Petitioner to 33 months of imprisonment on each count to run concurrently. [Id., Doc. 38]. Petitioner filed a timely Notice of Appeal on June 18, 2005. [Id., Doc. 29]. The sole issue on appeal was whether Petitioner's sentence was reasonable. On May 1, 2006, the Fourth Circuit issued an unpublished opinion affirming Petitioner's sentence. United States v. Rita, 177 Fed. Appx. 357 (4th Cir. 2006). Petitioner then sought a writ of certiorari

---

[1]This "motion" is more in the nature of a response, and the Court will therefore treat this pleading as a response in opposition to Respondent's Motion for Summary Judgment.

from the United States Supreme Court, which was granted on the issue of whether it was appropriate for the Fourth Circuit to apply the presumption of reasonableness in reviewing Petitioner's sentence. Rita v. United States, 549 U.S. 1016, 127 S.Ct. 551, 166 L.Ed.2d 406 (2006). By an opinion dated June 21, 2007, the Supreme Court affirmed Petitioner's sentence, holding that a presumption of reasonableness is appropriately applied on appellate review of a Guideline range sentence. Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 2462-63, 168 L.Ed.2d 203 (2007).

On June 5, 2008, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, alleging that his counsel was ineffective for failing to advise him of his right to testify at trial and for failing to call Petitioner's former lawyer to testify in Petitioner's defense. [Doc. 1].

## II. MOTION TO STRIKE

Subsequent to the Government filing an Answer in this case, Petitioner filed a motion entitled "Motion to Strike the United States Answer, and Motion for Summary Judgment or Alternatively for the Appointment of Counsel." [Doc. 11]. In his motion, Petitioner argues that this Court should strike the Government's Answer and Motion for Summary Judgment because the

Government was served with the Court's Order directing the United States to file an answer, despite its contention to the contrary. For the reasons stated in this Court's September 12, 2008 Order [Doc. 7] and in light of this Court's ruling contained in this Order, Petitioner's motion is denied.

Next, Petitioner requests that this Court appoint him counsel to represent him in connection with his Motion to Vacate. [Docs. 11 and 14]. There is no constitutional right to counsel in habeas proceedings such as the instant case. Crowe v. United States, 175 F.2d 799, 801 (4th Cir. 1949), cert. denied, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950). Furthermore, the Petitioner has adequately represented himself. Consequently, Petitioner's Motion for Appointment of Counsel [Doc. 11] and his Renewed Motion for Appointment of Counsel [Doc. 14] are denied.

Finally, Petitioner requests that this Court authorize discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure and Rule 6 of the Rules Governing Section 2255 Proceedings. Generally, habeas petitioners have no right to automatic discovery. See Stanford v. Parker, 266 F.3d 442, 460 (6th Cir. 2001). Pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings, a prisoner must seek leave of court and demonstrate good cause before he is entitled to any form of discovery in a federal habeas

corpus proceeding. Discovery is extremely limited in such proceedings. See Bracy v. Gramley, 520 U.S. 899, 908-09, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997). Rule 6 allows discovery in a habeas proceeding only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief ...." Id. The burden of demonstrating the materiality of the information is on the moving party, Stanford, 266 F.3d at 460, and "Rule 6 does not sanction fishing expeditions based on a petitioner's conclusory allegations," Williams v. Bagley, 380 F.3d 932 (6th Cir. 2004) (quoting Rector v. Johnson, 120 F.3d 551, 562 (5th Cir. 1997)). Petitioner has not articulated any reason for discovery nor has he requested any specific discovery. He has not demonstrated the materiality of the information he seeks in discovery, nor has he demonstrated "good cause" to entitle him to the discovery he seeks. Therefore, Petitioner's request for discovery [Doc. 11] is denied.

### III. MOTION TO VACATE

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine promptly any motions to vacate, along with "any attached exhibits, and the record of prior proceedings . . . ." in order to determine whether a petitioner is entitled to any

5

relief. If the motion is not dismissed after that initial review, the court must direct the government to respond. Id. Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the court must then review the government's answer and any materials submitted by the parties and determine whether an evidentiary hearing is warranted. Following such review, it is clear to the Court that Petitioner is entitled to no relief on his claims; thus, a hearing is not required. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### A. Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052. Furthermore, in considering the prejudice prong of the analysis, a court "can only grant relief under . . . Strickland if the 'result of the proceeding was

fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)). The petitioner "bears the burden of proving Strickland prejudice," Fields, 956 F.2d at 1297 (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)), and if a petitioner fails to meet this burden, a reviewing court need not consider the performance prong, Fields, 956 F.2d at 1290 (citing Strickland, 466 U.S. at 697, 104 S.Ct. 2052).

### 1. Right to Testify

It is clear that a defendant in a criminal trial has a constitutional right to testify on his own behalf. Rock v. Arkansas, 483 U.S. 44, 51, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987). Within the scope of competent trial counsel's duties is the obligation to advise a defendant of his right to testify at trial. Sexton, 163 F.3d at 882. A defense counsel's failure to so advise a defendant of his right to testify amounts to constitutionally deficient representation. Owens v. United States, 483 F.3d 48, 58 (1st Cir. 2007). In order to succeed on an ineffective assistance of counsel claim, however, a petitioner claiming his counsel failed to advise him of his right to testify must still show that counsel's deficient performance was prejudicial. Sexton, 163 F.3d at 882. A finding of prejudice would first require a showing that the defendant was otherwise

unaware of his right to testify. Owens, 483 F.3d at 59. Further, prejudice requires a showing by the petitioner both that "he would have testified in light of the evidence presented at trial" and that he "would have offered genuinely exculpatory testimony." Id. at 59 and n.9.

In his unsworn Motion to Vacate, Petitioner contends that he "was unaware of his right to take the stand in his own defense." [Doc. 1 at 17]. In his response to the Government's Motion for Summary Judgment, however, Petitioner does not repeat the assertion that he was unaware of his right to testify. Instead, in his sworn affidavit, Petitioner states that "after the first day of trial on November 8, 2004, I spoke to Mr. Forester at my hotel and told him that I was going to have to testify . . . . " [Affidavit of Victor A. Rita ("Pet. Aff."), Doc. 12-4 at ¶12]. Petitioner also stated that he "made it clear to [his trial counsel] that I wanted to testify." [Id. at ¶13].

Defense counsel submitted a sworn affidavit in which he states that he repeatedly advised Petitioner of his right to testify at his trial. He avers that Petitioner was told at their initial meeting that he "had the right to take the witness stand and attempt to explain his prior statement to a jury in his criminal trial." [Affidavit of Denzil H. Forester ("Forester Aff."), Doc. 8-2 at ¶2]. Defense counsel also contends that he told Petitioner on "numerous

occasions" of "his Constitutional right to testify at his trial." [Id. at ¶3]. For example, he states that he advised Petitioner of his right to testify while discussing the plea agreement. [Id. at ¶4]. He also cautioned Petitioner that the prosecution could "impeach his credibility as a witness at trial" if he testified, [id. at ¶ 3], and that, if convicted, Petitioner's sentence could be enhanced based on a finding that he perjured himself at trial, [id. at ¶2]. Defense counsel's sworn representations regarding the advice given to Petitioner are corroborated by a letter from counsel to Petitioner advising that his "credibility will be impeached at trial." [Forester Aff. Ex. 1, Doc. 8-2 at 4]. Counsel further avers that when Petitioner was asked at the close of the Government's case whether he wished to testify, Petitioner informed counsel that he "did not want to take the witness stand." [Forester Aff., Doc. 8-2 at ¶3].

In addition, Petitioner's attorney during the grand jury investigation wrote Petitioner an e-mail the day before trial advising him that "[i]t will be a mistake for you to testify." [Doc. 1-2 at 14]. Furthermore, during the jury charge conference in Petitioner's presence, the trial judge expressly referenced the jury instruction that is given "if a defendant takes the stand" but noted that no such instruction was needed because Petitioner "did not take the stand."

9

[Forester Aff., Doc. 8-2 at ¶9].

A review of the record makes it clear that Petitioner was aware of his right to testify. Indeed, Petitioner seems to concede that he was aware of this right in his own affidavit. [Pet. Aff., Doc. 12-4 at ¶¶12, 13]. The admissions by Petitioner in his affidavit combined with his failure to deny that he was aware of the right to testify are fatal to his claim that he was denied the right to testify. As the Fourth Circuit has held, "[t]o waive the right [to testify], all the defendant needs to know is that a right to testify exists." United States v. McMeans, 927 F.2d 162, 163 (4th Cir. 1991); see also United States v. Martinez, 883 F.2d 750, 760, 761 (9th Cir. 1989) (Waiver of this right is presumed from the defendant's failure to testify or notify the court of his desire to do so . . . . [T]o waive his right all that [the defendant] needed to know was that the right existed."), vacated on other grounds, 928 F.2d 1470 (9th Cir. 1991).

Furthermore, Petitioner's sworn affidavit makes no showing of the prejudice required to sustain an ineffectiveness claim. Petitioner's affidavit does not assert an unawareness of the right to testify. At most, it asserts that defense counsel did not personally advise him of that right. He also impliedly acknowledges in his sworn affidavit, however, that he was aware that he

could have testified at trial. [Pet. Aff., Doc. 12-4 at ¶¶12, 13]. In addition, the testimony that Petitioner contends he would have offered had he testified[2] was offered by the Government at trial. [See 3:04cr105, Trial Transcript at 16, 28-29, 60-63]. Thus, Petitioner has not identified any "genuinely exculpatory testimony" that was excluded by his failure to testify at trial. See Owens, 483 F.3d at 59. In the absence of such a showing of prejudice, Petitioner cannot succeed on his claim of ineffective assistance of counsel.

### 2. Failure to Call Witness at Trial

Next, Petitioner contends that his trial counsel was ineffective for failing to call as a trial witness Neil Taylor, his attorney during the grand jury investigation. [Doc. 1 at 21]. According to Petitioner, attorney Taylor could have testified that "his client Rita has sent the PPSH41 parts kit back to Interordance of America just 2 days after speaking with Agent Levin and shortly thereafter he delivered the RPK parts kit to him (Mr. Taylor Defense Attorney), to be turned over to Agent Levin." [Id. at 23].

As an initial matter, the Court notes, that Petitioner's own exhibits reveal

---

[2] Petitioner contends that he would have testified to the jury that after speaking with Agent Levin on September 4, 2003, "he in fact, sent the PPSH41 parts kit back to Interordance of America and delivered the other parts kit numbered RPK about 2 days later to his Attorney Taylor for delivery to Agent Levin." [Doc. 1-2 at 23].

11

that he made the tactical decision not to call attorney Taylor as a witness. Attached to Petitioner's Motion to Vacate is an e-mail from Petitioner to trial counsel dated November 4, 2004, in which Petitioner states: "Counselor, I must agree with your recommendation that it would not be to my benefit to have [attorney Taylor] as a witness. Please make whatever arrangements with the Court to release Mr. Taylor from the Subpoena as a witness." [Doc. 1-2 at 16]. The e-mail goes on to request that counsel inform Mr. Taylor of "our decision not to call him as a witness . . . ." [Id.]. Furthermore, attorney Taylor would have lacked the personal knowledge on which to testify that Petitioner sent the PPSH "parts kit" back to Interordance. At most, attorney Taylor could have testified that Petitioner delivered the RPK "parts kit" to him for surrender to Agent Levin. That evidence, however, was introduced by the Government. [See 3:04cr105, Trial Transcript at 16, 28-29, 60-63]. Thus, there is no basis from which to conclude that the failure to call attorney Taylor as a witness at trial was the result of deficient performance by defense counsel or prejudiced Petitioner in any way. Therefore, this claim is denied and dismissed.

### III. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Vacate,

Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**, and the Respondent's Motion for Summary Judgment [Doc. 9] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Petitioner's "Motion to Strike the United States Answer, and Motion for Summary Judgment or Alternatively, For the Appointment of Counsel" [Doc. 11] is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's "Renewed Motion for Appointment of Counsel" [Doc. 14] is **DENIED**.

**IT IS SO ORDERED**.

Signed: February 6, 2009

Martin Reidinger
United States District Judge